The Chancellor.
The question involved in this case must bo decided on the principles which would be applicable to it if Samuel Lanning had never had any interest in this real estate except what Cole’s agreement to convey it to him gives. The sale of the property by the sheriff divested him of the interest he theretofore had in it. No proceeding to set aside the sale was had; and for the purposes of the present inquiry that sale must bo taken to have been valid. The interest which Lanning acquired in the lands under the agreement of Cole to convey the same to him was a descendible and deviseablo interest. This interest descended to his heirs; it did not pass by the will he had made and published before he had acquired it.
A will, as to land, speaks only as of the time of making it; *106 as to personality, it speaks in articulo mortis, though made long before. The fact that at the time he made the will he was the owner of these lands, and devised them specifically, can make no difference in the application of this principle.
All his interest was subsequently divested. It will not be contended that the interest he then had passed by the will. What interest, then, could he devise 1 Certainly, only the interest he acquired under this agreement. But that interest was acquired subsequently to the making of the will, and could not pass by it. The equitable interest, then, which Lanning acquired under the agreement descended to his heirs-at-law ; and the heirs are the persons interested in the specific performance of the agreement. The executor should be a party to the proceeding, because, if there be personal property sufficient, he will be decreed to pay the purchase money for the benefit of the heirs. And the persons entitled to the personal estate under the will, should also be made parties.
In this view of the case, even if a decree had been signed by the Chancellor, the lands would not have passed by the will. The executor of the will, then, is not the proper person to revive or prosecute the suit.
The demurrer must be allowed.
Order accordingly.